WO                                                                                              MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Adam Kristopher Woods,                        No.   CV 20-01530-PHX-JAT (CDB)

                        Plaintiff,

v.                                            **ORDER**

David Shinn, et al.,

                        Defendants.

Plaintiff Adam Kristopher Woods, who is confined in the Arizona State Prison Complex-Lewis, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will order Defendant Centurion to answer Count One of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $31.22. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III.    Complaint

In his Complaint, Plaintiff asserts a single claim for inadequate medical care. Plaintiff names Arizona Department of Corrections Director David Shinn, contracted medical provider Centurion Medical, Nursing Director Donna Mendoza, and Dr. Bake as Defendants.  Plaintiff is seeking monetary damages and declaratory and injunctive relief.[1]

Plaintiff alleges that he has suffered "unnecessary & wanton" pain "as a direct result of [Defendant] Shinn's systemic deficiencies in staffing, facilities, and procedures."  (Doc. 1 at 3.)[2]  Plaintiff claims that after suffering a "significant blow to [his] jaw," he could hardly eat or drink and could not move his jaw without severe pain.  (*Id*.)  Plaintiff submitted a Health Needs Request form, but the medical staff member he saw failed to conduct an adequate examination or "ask basic questions."  (*Id*.)  On February 7, 2020, Defendant Bake x-rayed Plaintiff's jaw and told him it was broken.  Bake advised Plaintiff that he could suffer long-term or permanent damage if his injury was not addressed but "adamantly refus[ed] to take immediate action."  (*Id*. at 3-4.)  Plaintiff was then sent back to his unit, where Defendant Mendoza "callously informed [him] that [Defendant] Centurion's policy prevented immediate medically corrective action."   (*Id*. at 4.) According to Mendoza, a request for a consultation would first have to be submitted.  If the request was approved, Plaintiff might see an oral surgeon within three to four weeks.

Plaintiff was "arbitrarily" given only ten days' worth of Tylenol 3, and had to "fight for both 5[-]day[-]long prescriptions."  (*Id*.)  On March 4, 2020, Plaintiff was taken to an oral surgeon, who told Plaintiff that, "because of the delay[,] there was nothing he could do."  (*Id*.)  The surgeon said that Plaintiff's broken jaw was healing improperly, resulting in a significant decrease in mobility.

---

[1] To the extent Plaintiff seeks preliminary injunctive relief, this request will not be addressed in the absence of a motion addressing the relevant factors. *See Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008) (to obtain preliminary injunctive relief, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest").

[2] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

1    **IV.    Failure to State a Claim**

2           To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

3    (2) under color of state law (3) deprived him of federal rights, privileges or immunities and

4    (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir.

5    2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278,

6    1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury

7    as a result of the conduct of a particular defendant and he must allege an affirmative link

8    between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-

9    72, 377 (1976).

10          Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,

11   520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*

12   *v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a

13   civil rights complaint may not supply essential elements of the claim that were not initially

14   pled.  *Id.*

15          Not every claim by a prisoner relating to inadequate medical treatment states a

16   violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show

17   (1) a "serious medical need" by demonstrating that failure to treat the condition could result

18   in further significant injury or the unnecessary and wanton infliction of pain and (2) the

19   defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

20   Cir. 2006).

21          "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

22   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both

23   know of and disregard an excessive risk to inmate health; "the official must both be aware

24   of facts from which the inference could be drawn that a substantial risk of serious harm

25   exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

26   Deliberate indifference in the medical context may be shown by a purposeful act or failure

27   to respond to a prisoner's pain or possible medical need and harm caused by the

28   indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a

prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### A.  Defendant Shinn

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged any facts to show that Defendant Shinn personally participated in or was aware of a deprivation of Plaintiff's constitutional rights. Nor does he identify the purported deficiencies in Shinn's policies or explain how Shinn's policies caused Plaintiff harm. Accordingly, Plaintiff has failed to state a claim against Defendant Shinn, and this Defendant will be dismissed without prejudice.

**B.      Defendants Bake and Mendoza**

Plaintiff's allegations against Defendant Bake are too vague and conclusory to state a claim against Bake.  Although Plaintiff's allegations demonstrate that Bake was aware of Plaintiff's serious medical need, Bake's "refus[al] to take immediate action" is not described in enough detail to satisfy Rule 8's pleading standard.  (*Id*. at 4.)  Bake appears to have submitted a request for a surgical consultation, and it is not clear what other type of treatment Plaintiff sought, other than medication, which Plaintiff appears to have received.  Plaintiff does not allege that Bake knew the surgical consultation would take weeks, nor does he contend that Bake denied any request for pain medication.  Plaintiff has therefore failed to state a claim against Defendant Bake, and this Defendant will be dismissed without prejudice.

Plaintiff's allegations against Defendant Mendoza are similarly deficient.  While Plaintiff claims that Mendoza described the Centurion's purportedly deficient outside-treatment policy, he does not allege any facts to show that Mendoza was aware of a serious medical need.  Indeed, it does not appear from the Complaint that Mendoza had any knowledge of Plaintiff's injury.  Accordingly, Plaintiff has failed to state a claim against Mendoza for deliberately indifferent conduct, and she, too, will be dismissed without prejudice.

**V.      Claims for Which an Answer Will Be Required**

Liberally construed, Plaintiff has stated an Eighth Amendment medical care claim against Defendant Centurion, and this Defendant will be required to respond to the Complaint.

**VI.      Warnings**

**A.      Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

(2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendant with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $31.22.

(3)    Defendants Shinn, Bake, and Mendoza are **dismissed** without prejudice.

(4)    Defendant Centurion must answer Count One.

(5)    The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Centurion.

(6)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, this action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)    The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.

(10)    If Defendant agrees to waive service of the Summons and Complain, it must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

. . . .

(11)   The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)   Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)   This matter is referred to Magistrate Judge Camille D. Bibles pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 28th day of August, 2020.

James A. Teilborg
Senior United States District Judge