IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Kristopher Woods, | No. CV-20-01530-PHX-JAT (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendant. | |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 26) regarding Plaintiff's Amended Motion to Amend Complaint filed pursuant to Local Rule 15 (Doc. 20).[1] The R&R recommends that Plaintiff's Motion to Amend Complaint be denied for: (1) failure to state a claim against Dr. Paul; (2) failure to cure the deficiencies in Plaintiff's original Complaint (Doc. 1) identified in this Court's Screening Order (Doc. 6); and (3) failure to state a plausible claim that Dr. Baik or Centurion Medical's actions caused Plaintiff to become addicted to heroin. (Doc. 26 at 9). Magistrate Judge Bibles advised the parties that they had fourteen days to file objections to the R&R. (Doc. 26 at 9–10). Neither party has filed objections.

---

[1] Plaintiff filed a Motion to Amend Complaint on June 8, 2021 (Doc. 17) following this Court's Screening Order dismissing Plaintiff's claims against Defendants Shinn, Baik, and Mendoza, leaving only Plaintiff's claim for inadequate medical care against Defendant Centurion Medical (Doc. 6 at 5–6). Plaintiff's Motion to Amend the Complaint, however, failed to "attach a copy of the proposed amended complaint as an exhibit" to his Motion, as required by Local Rule 15.1(a). Magistrate Judge Bibles ordered Plaintiff to lodge his proposed amended complaint by June 25, 2021 (Doc. 18). Plaintiff instead filed an Amended Motion to Amend Complaint (Doc. 20), attaching his original Motion to Amend Complaint (Doc. 20-1), his original Complaint (Doc. 20-2), and his proposed First Amended Complaint (Doc. 20-3).

A district court's standard of review of a magistrate judge's report and recommendation turns on whether the parties have timely objected. Fed. R. Civ. P. 72(b). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (The district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[2] "Failure to make timely objection to the magistrate [judge]'s report prior to its adoption by the district judge may constitute a waiver of appellate review of the district judge's order." Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983, *citing United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Accordingly, in the absence of objections, the Court agrees with the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b). *See* 28 U.S.C. § 636(b)(1) ("A [district court judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

///

---

[2] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 *citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. As such, this Court follows the 9th Circuit's more recent decision in *Reyna-Tapia* on this issue.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge Bibles (Doc. 26) is accepted.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Amend Complaint (Doc. 20) is DENIED.

Dated this 29th day of September, 2021.

James A. Teilborg
Senior United States District Judge